**Zeno GREEN, Petitioner,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent.**

**Civ. A. No. 5-874.**

United States District Court,
N. D. Texas,
Lubbock Division.

March 31, 1971.

---

7. See Rollins v. Shannon, D.C., 292 F.Supp. 580, 588. Cf. Keen v. Long, D.C., 302 F.Supp. 1383.

Zeno Green, pro se.

Crawford C. Martin, Atty. Gen., Austin, Tex., for respondent.

## ORDER

WOODWARD, District Judge.

On this date the Court took under consideration the application of ZENO GREEN, Petitioner, for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Having reviewed the application and the Transcription of Proceedings of an evidentiary hearing in the convicting Court, together with the Findings of Fact by the judge who conducted the evidentiary hearing, the Court is of the opinion that the application should be denied.

Petitioner is in the custody of the Texas Department of Corrections pursuant to judgment and sentence in Cause number 2348 in the 132nd District Court of Scurry County, Texas, for the felony offense of passing a forged instrument, enhanced with two prior felony convictions. He was found guilty upon jury trial and on September 23, 1964, he was sentenced by the Court to a mandatory life sentence.

On April 15, 1970, Petitioner presented an application for Writ of Habeas Corpus in the convicting court challenging his conviction on the same grounds as are alleged in his application in this Court, that is, that he was denied the right to a speedy trial, that he had ineffective assistance of counsel, that he was denied the right to call witnesses in his own behalf and that he was delivered to the penitentiary while his appeal was pending before the Court of Criminal Appeals of Texas. An attorney was appointed to represent Petitioner and on October 5, 1970, a full evidentiary hearing was held in the 132nd District Court of Scurry County, Texas. The Judge filed detailed findings of fact and conclusions of law on October 8, 1970, refusing the relief requested by Petitioner. The Transcription of Proceedings of the evidentiary hearing was filed with the Court of Criminal Appeals of Texas, which denied the application without written opinion on October 23, 1970. Petitioner has, therefore, exhausted available State remedies as required by 28 U.S.C. § 2254(b).

Petitioner filed his application for Writ of Habeas Corpus in this Court on February 5, 1971. The Court has examined the Transcription of Proceedings of the State evidentiary hearing of October 5, 1970, and has considered the written Findings of Fact filed by the Judge who conducted the hearing. The State Court made an explicit finding on each disputed factual issue tendered to it and the facts were reliably found by the State Court, meeting the requirements of Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Petitioner has not alleged, and it does not otherwise appear, that any of the exceptions to the presumption of correctness provided by 28 U.S.C. § 2254(d) apply.

The Court, therefore, adopts the Findings of Fact made by the State Court.

The first contention of Petitioner is that he was denied the right to a speedy trial. The Sixth Amendment to the Federal Constitution, which requires that in all criminal prosecutions the accused shall enjoy the right to a speedy trial, is now applicable to the States through the due process clause of the Fourteenth Amendment. Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). This contention is, therefore, within the cognizance of this Court. The facts adduced at the evidentiary hearing do not reflect that Petitioner was denied this right to a speedy trial. At no time did Petitioner demand a prompt trial. Bruce v. United States, 351 F.2d 318, 320 (5th Cir. 1965) cert. den. 384 U.S. 921, 86 S.Ct. 1370, 16 L.Ed.2d 441 (1966). On the contrary it appears that the delay between the time that the prosecution was initiated and the time of trial was occasioned at the instance of Petitioner. His contention that he was denied his right to a speedy trial is without merit.

Petitioner's second and third contentions that he was denied effective assistance of counsel and that he was denied the right to call witnesses in his own behalf will be discussed together. The standard applied by the U. S. Fifth Circuit Court of Appeals to determine incompetency or ineffectiveness of counsel is defined by MacKenna v. Ellis, 280 F.2d 592 (5th Cir. 1960) as follows:

"We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel and counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance."

The failure to call witnesses who will establish a substantial defense will lend weight to a final determination of ineffective representation when that omission is one of several failings of counsel in the course of trial. Brubaker v. Dickson, 310 F.2d 30 (9th Cir. 1962). However, the determination of which witnesses to call is a question of judgment for the attorney because he is usually in a better position to ascertain which ones are telling the truth and whether they would do his client more harm than good. United States v. Gutterman, 147 F.2d 540 (2nd Cir. 1945). The record of the proceedings and the Findings of Fact of the evidentiary hearing reflect that the appointed counsel had subpoenaed and interviewed the witnesses whose names were furnished by Petitioner and that he concluded that they knew nothing that was helpful to Petitioner. Petitioner has not met his burden of showing that he was denied effective assistance of counsel or that he was denied the right to call witnesses in his own behalf. In fact, applying the "reasonable counsel" standard of MacKenna v. Ellis, supra, to the representation afforded by appointed counsel to Petitioner, as reflected by the Transcription of Proceedings and by the Findings of Fact, it appears that the appointed counsel rendered to Petitioner competent and effective representation.

The final contention made by Petitioner is that he was delivered to the penitentiary while his appeal was pending before the Court of Criminal Appeals of Texas. No facts are alleged by Petitioner that show harm to him. The Court notes that the conviction was affirmed by the Court of Criminal Appeals. No Constitutional issue appears to be presented. There is nothing presented by the contention over which this Court has jurisdiction.

Having fully considered all matters raised by Petitioner, the Court has concluded that his application for Writ of Habeas Corpus is without merit. Accordingly, the petition for Writ of Habeas Corpus is hereby denied and dismissed.

The Clerk will enter this Order and will provide true copies to Petitioner and to attorneys of record.